IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

HAROLD E. SYKES                                                                                      PLAINTIFF

v.                                                                                                    No. 1:10CV194-A-S

LINDA BEILCHAM, ET AL.                                                                          DEFENDANTS

REPORT AND RECOMMENDATION

On March 14, 2011, plaintiff Harold E. Sykes, an inmate in the custody of the Mississippi State Penitentiary with inmate number 13137, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

**Allegations**

The plaintiff makes several allegations against the Lee County Adult Detention Center regarding denial of adequate medical care and one regarding the improper taking of his money in the form of improper charges for medical services. The plaintiff claims that the improper charge for medical care occurred in 2002. In addition, he alleges that he underwent surgery on his colon in about 2000, and that the defendants knew about the surgery. Despite that knowledge, the defendants caused him to sleep on the floor of the drunk tank without a mat for about 16 days.

---

[1] 28 U.S.C. § 1915(g).

After that, he slept on a rescue gurney. The plaintiff has not alleged that he suffered any harm from either of these sleeping arrangements. Finally, he alleges that he was given only a third of the normal prison rations during his four-month stay in the Lee County Jail – and that he lost about forty pounds during that time.

## Statute of Limitations

A federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993). In Mississippi, that statute is MISS. CODE ANN. § 15-1-49, which allows a litigant only three years to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted). The plaintiff's claim that the defendants overcharged him for medical services in 2002 must, therefore, be dismissed as untimely filed.

## General Conditions

"[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5 (citation omitted). It is clear that prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). The plaintiff's complaints regarding his sleeping arrangements rise only to the

level of discomfort. He suffered no injury whatever from this. As such, based upon a review of the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the undersigned concludes that the instant claims as to sleeping arrangements do not rise to the level of a constitutional violation.

However, as the the plaintiff has alleged that he lost about forty pounds due to insufficient food at the Lee County Jail, he has stated a cognizable claim, and the instant case should proceed as to this claim only.

In sum, the undersigned respectfully recommends that the plaintiff's claims regarding overcharging for medical services and sleeping on the floor and on a gurney be dismissed, but the claim as to insufficient food proceed as to all defendants.

## Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14)

days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted this 29th day of June, 2011.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE