IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

HAROLD E. SYKES                                                                                                PLAINTIFF

V.                                                                               CIVIL ACTION NO.1:10CV194-SA-DAS

LINDA BEILCHAM, et al.                                                                                    DEFENDANTS

REPORT AND RECOMMENDATION

      The plaintiff sued Sheriff Jim Johnson and the remaining defendants alleging that he was not provided with adequate nutrition during his incarceration in the Lee County jail from February to June 2010. He testified in the vaguest terms that the food was not adequate. He has past experience working in the kitchen as a state inmate. According to Sykes the food is served in the state system with spoons sized to various ounce sizes to control serving size. He complained that no such spoons were being used in Lee County. He mentioned several times receiving a serving of five green beans. He offered no proof of any adverse consequences from the diet. He did not claim he lost weight while incarcerated, complaining instead that he had not gained weight. He offered no testimony showing that any of the defendants had any responsibility for the adequacy of the meals.

      Sheriff Jim Johnson testified that the food services at the Lee County jail are contracted to a reputable food services company, Tiger Commissary, that provides food services to various state, local, and federal prisons. The provision of food services is overseen by a licensed nutritionist who has the responsibility for ensuring that the food is nutritious, provided in adequate quantities, and delivered to the inmates at the correct serving temperature.

The federal courts cannot be concerned with a prison menu to which inmates believe they are entitled. *See Tunnel v. Robinson*, 486 F.Supp. 1265, 1269 (W.D. Penn. 1980). The alleged deficiency of food does not rise to the level of a constitutional violation. *Freeman v. Trudell,* 497 F.Supp. 481 (E.D. Mich. 1980). The Constitution only requires that prisoners be provided reasonably adequate food. *Hamm v. Dekalb County*, 774 F.2d 1567, 1571 (11th Cir. 1985). A well-balanced meal containing sufficient nutritional value to preserve health is all that is required. *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977). The plaintiff has failed to present any proof that he was deprived of such meals. He has failed to show any personal involvement or responsibility on the part of any defendant for the nutrition he received, adequate or not. The plaintiff's claim is frivolous in fact and under the law.

The undersigned recommends that the complaint be dismissed with prejudice and this action counted as a strike against the plaintiff.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections must be in writing and must be filed within fourteen days of this date. Failure to timely file objections to the proposed findings and recommendations will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions that are accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the

dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 6th day of February, 2012.

/s/ David A. Sanders  
UNITED STATES MAGISTRATE JUDGE